IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD W. HALL, | : | |
| Plaintiff | : | Civil Action 2:08-cv-530 |
| v. | : | Judge Smith |
| OHIO DEP'T OF REHABILITATION & CORRECTIONS, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendant | | |

## REPORT AND RECOMMENDATION

This matter is before the Court for a Report and Recommendation on Defendant Southeastern Ohio Regional Medical Center's September 3, 2008 Motion for Judgment on the Pleadings. (Doc. 10).

On May 30, 2006, Plaintiff, while incarcerated at Noble Correctional Institution, suffered a heart attack. Plaintiff was sent to Southeastern Ohio Regional Medical Center ("SORMC"), where it was determined that Plaintiff needed to be sent to Ohio State University Medical Center ("OSUMC") for surgery to treat the heart attack. Plaintiff alleges that Defendant SORMC initially failed to dispatch a helicopter which was large enough to transport both Plaintiff and a correctional officer to OSUMC. Instead, Plaintiff had to wait an additional one to one and a half hours for a second, larger helicopter to be sent. This, claims Plaintiff, endangered his life. On June 2, 2008, Plaintiff brought this action against

1

the Ohio Department of Rehabilitation & Corrections, the Noble Correctional Institution, various individual defendants, and SORMC. Plaintiff does not describe with precision the nature of his claim against SORMC. The civil cover sheet he filed with his complaint states that he intended to bring a "Civil Rights" action.[1]

Defendant SORMC has filed a motion for judgment on the pleadings. Defendant argues that Plaintiff's Complaint either states a claim for medical malpractice or for violation of civil rights pursuant to 42 U.S.C. §1983. If, says SORMC, Plaintiff's claim is for medical malpractice, then it is subject to Ohio's one-year statute of limitations for medical claims under Ohio Revised Code §2305.113. Alternately, argues SORMC, if Plaintiff's claim is brought under 42 U.S.C. §1983, then it is subject to Ohio's two-year statute of limitations for bodily injury under O.R.C. §2305.10. SORMC claims that in either case Plaintiff's complaint was filed too late (either a year late or a few days late). Plaintiff filed a memorandum in opposition to SORMC's motion. He presented several arguments, but none addressed whether his claims are barred by the statutory provisions cited by Defendant.

Pursuant to Federal Rule of Civil Procedure 12(c), "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." When ruling on such a motion, the court must accept all well-pleaded material allegations in the complaint as true, and the motion may

---

[1] The Court notes that a civil cover sheet does not supplement pleadings and has no legal significance. S.D. Ohio Local R. 3.1(a).

be granted only if the moving party is nevertheless clearly entitled to judgment. *Tucker v. Middleburn-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). Such a motion is appropriately granted where the plaintiff can undoubtedly prove no set of facts in support of his claim that would entitle him to relief. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-512 (6th Cir. 2001).

The Court is unable to determine from the complaint that Plaintiff cannot prove facts in support of his claim which would entitle him to relief. If Plaintiff is bringing a "medical claim", as such action is defined in O.R.C. §2305.113(E)(3), then his claim is undoubtedly time-barred. The alleged injury took place on May 26, 2006, and Plaintiff's complaint was filed on June 2, 2008. Under Ohio law, a "medical claim" must be commenced within one year after the cause of action accrued. O.R.C. §2305.113(A). A claim arising out the transportation of a medical patient is a "medical claim" for purposes of this statute. *Rome v. Flower Mem. Hosp.*, 70 Ohio St.3d 14, 16-17 (1994).

However, Plaintiff may be bringing a claim for violation of his civil rights, pursuant to 42 U.S.C. §1983. This statute states in relevant part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbus, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[...]

It is settled law that "private parties that perform fundamentally public functions, or who jointly participate with a state to engage in concerted activity, are

regarded as acting 'under the color of state law' for purposes of §1983." *Harrison v. Ash*, 539 F.3d 510, 521 (6th Cir. 2008), quoting *Bartell v. Lohiser*, 215 F.3d 550, 556 (6th Cir. 2000). Defendant SORMC, if it had a contract to provide medical services or some other formalized relationship with the Ohio Department of Corrections, might be susceptible to suit under §1983. Neither Plaintiff's complaint nor Defendant's pleadings asserts (or denies) that it has. The Court is therefore unable to determine whether Plaintiff's complaint alleges a colorable §1983 claim against SORMC. Plaintiff is not "undoubtedly" unable to do so.

If Plaintiff is bringing a §1983 claim against SORMC, he is not time-barred. The statute of limitations for a §1983 claim is the same as that for an ordinary personal injury action in the state where the claim is brought. *Eidson v. State of Tennessee Dep't of Children's Services*, 510 F.3d 631, 634. (6th Cir. 2007). In Ohio, this is two years, as mandated by O.R.C. §2305.10. SORMC argues that, as the action was brought on June 2, 2008, and the relevant injury occurred on May 30, 2006, Plaintiff filed his complaint three days late.[2] The Court observes that May 30, 2008 (the second anniversary of the events) was a Friday. The so-called "prisoner mailbox rule" provides that a pleading is timely if it is deposited in the institution's internal mail system on or before the last day for filing. *See, e.g., Scuba v. Brigano*, 527 F.3d 479, 484 (6th Cir. 2007), citing *Houston v. Lack*, 487 U.S.

---

[2] In Ohio, the statute of limitations for an action under O.R.C. §2305.10 expires on the two-year anniversary date of the incident. *Thomas v. Galinsky*, 2004-Ohio-2789 (Ohio App. 11th Dist., May 28, 2004).

4

266, 276 (1988).  The Court finds it probable that Plaintiff placed his complaint in the prison mail system on or before Friday, May 30, 2008, since it arrived at the Clerk of Court on Monday, June 2, 2008.

The Court cannot ascertain whether Plaintiff is properly bringing a §1983 action against SORMC, and thus cannot find with certainty that Plaintiff can undoubtedly prove no set of facts in support of his claim which would entitle him to relief.  However, Plaintiff would not be time-barred in bringing a §1983 claim.  I therefore **RECOMMEND** that the Motion of Defendant Southeastern Ohio Regional Medical Center for Judgment on the Pleadings (Doc. 10) be **DENIED**.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the party thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.3d 15, 16 (2d Cir. 1989).

s/Mark R. Abel  
United States Magistrate Judge

5